■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE RICKS, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of criminal possession of stolen property in the second degree, defendant contends that it was error for the court to deny his motion to suppress evidence and to permit his cross-examination with respect to an eight-year-old armed robbery for which he received youthful offender adjudication. With respect to the latter claim, the remoteness of the prior conviction is not a bar to its admissibility and crimes of individual dishonesty have "a very material relevance, whenever committed" (People v Sandoval, 34 NY2d 371, 377). Further, there is no bar to cross-examination of a defendant with respect to acts underlying a youthful offender adjudication (People v Greer, 42 NY2d 170, 176).

With respect to defendant's arrest and the seizure of his vehicle, the police were entitled to rely on the report that the vehicle was stolen. Unlike the situation in *People v Jennings* (54 NY2d 518), relied on by defendant, there is nothing to suggest that the police records were inaccurate or that the police had failed to clear the computer of stale information. That information furnished a predicate for the police to check the vehicle identification number to determine if it matched that in the theft report. The officers' reasonable belief that the car was stolen, combined with defendant's suspicious behavior when confronted by the police, established probable cause for his arrest. Thus defendant's motion to suppress was properly denied. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—criminal possession of stolen property, second degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.